UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

TERRY WILLIAM SCHWANKE,

    Plaintiff,

v.

BARCLAYS BANK OF DELAWARE, and
LONG CADILLAC,

    Defendants.

Civil No. 10-4547 (DWF/LIB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff alleges that he previously owned a credit card issued by Defendant Barclays Bank of Delaware, (hereafter "Barclays"), but the account was closed in January 2010, and it has not been reopened thereafter. (Complaint, [Docket No. 1], p. 4, § 7.) Although the Barclays credit card account allegedly was closed in January 2010, Plaintiff alleges that he subsequently received a statement for that account, which included a charge to the account dated July 9, 2010. (Id.) That charge pertained to a purported transaction with Defendant Long Cadillac. The amount of the charge was $670.36. (Id.) Plaintiff contends that he never entered into any transaction with Long Cadillac, and

that the $670.36 charge to his Barclays credit card account is "a fraudulent charge." (Id.)

Plaintiff is now seeking a judgment against Defendants, which would credit his Barclays credit card account for (a) the allegedly fraudulent charge of $670.36, and (b) the interest that allegedly has accrued on the account as a result of that charge.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff is attempting to sue the named Defendants under "The Fair Credit Billing Act," ("FCBA"). (Complaint, p. 3, § 4.) Although the Complaint does not refer to any specific section of the FCBA, it seems clear that Plaintiff's lawsuit is brought under 15 U.S.C. § 1666. This part of the FCBA has been described as follows:

> "15 U.S.C. § 1666, et seq., 'provides a procedure through which a debtor can dispute statements containing a billing error issued by a creditor.' Pinner v. Schmidt, 805 F.2d 1258, 1264 (5th Cir.1986). If a debtor sends a

2

creditor a written billing-error notice in accordance with the FCBA's requirements and if the creditor receives this notice within sixty days of transmitting the challenged billing statement, the FCBA imposes two separate obligations upon the creditor: the creditor must send a written acknowledgment of the notice within thirty days and must investigate the matter and either correct the account or give written explanation of the disputed charge within ninety days. See 15 U.S.C. § 1666; American Exp. Co. v. Koerner, 452 U.S. 233, 236... (1981); Pinner, 805 F.2d at 1264. To trigger these obligations, a valid FCBA billing error notice must meet the following requirements: (1) the debtor identifies her name and account number, (2) the debtor 'indicates [her] belief that the statement contains a billing error and the amount of such billing error,' and (3) the debtor explains her belief that the statement contains a billing error. See 15 U.S.C. § 1666(a)."

Esquibel v. Chase Manhattan Bank U.S.A, N.A., 276 Fed.Appx. 393, 396 (5th Cir. 2008) (unpublished opinion).

Another court has explained that –

"Under the [FCBA], the duties of a creditor to correspond with an obligor and seek to resolve any billing differences are triggered only by receipt of written notice in which the consumer:
    (1) sets forth or otherwise enables the creditor to identify the
    name and account number (if any) of the obligor,
    (2) indicates the obligor's belief that the statement contains a
    billing error and the amount of such billing error, and
    (3) sets forth the reasons for the obligor's belief (to the extent
    applicable) that the statement contains a billing error.
15 U.S.C. §§ 1666(a)(1), (2), and (3). Similarly, 12 C.F.R. § 226.13(b), the

> applicable regulation interpreting 15 U.S.C. § 1666(a), requires written notification to the creditor identifying the obligor by name and account number, and further mandates that such notice '[t]o the extent possible, indicate[ ] the consumer's belief and the reasons for the belief that a billing error exists, and the type, date, and amount of the error.'"

Conn-Burnstein v. Saks Fifth Ave. & Co., 85 Fed.Appx. 430, 431 (6th Cir. 2003) (unpublished opinion).

Thus, in order to maintain a claim under the "billing error" provision of the FCBA, (as Plaintiff apparently is attempting to do here), a complainant must plead, (and eventually prove), that he or she sent the creditor a written notice that satisfies the specific requirements of 15 U.S.C. § 1666.

Here, Plaintiff has failed to plead an actionable claim for relief under the apposite section of the FCBA, because he has not alleged that he complied with the written notice requirements of § 1666. Indeed, there are no allegations in the Complaint which suggest that Plaintiff has made any kind of effort to notify the named Defendants about the billing error described in the Complaint.

As noted above, the facts necessary to support a claim must be clearly alleged in the Complaint. Martin, supra. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In sum, Plaintiff's current Complaint is plainly deficient, because there are no factual allegations showing that he has satisfied the written notice requirement of 15 U.S.C. § 1666. Therefore, Plaintiff has failed to allege sufficient facts to state a cause of

action under the billing error provisions of the FCBA. Because Plaintiff has failed to plead an actionable claim, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

s/
Leo. I. Brisbois
U.S. MAGISTRATE JUDGE

Dated: November 29, 2010

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 13, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.